**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **THE WAY INTERNATIONAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. 15-0432-KD-B** |
| | ) | |
| **THE WAY CHURCH,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>ORDER</u>**

This action is before the Court on *sua sponte* review. The docket indicates that this action was filed on August 28, 2015. Defendants Byricus Johnson, Leon Bell and Tomika Bell were served with the summons and complaint on September 24, 2015 and Defendant The Way Church was served with the summons and complaint on September 10, 2015 (docs. 6-9). Their answers were due on October 15, 2015 and October 1, 2015, respectively. No answers or other responses were filed. On November 24, 2015, Plaintiff applied for default (doc. 10). The Clerk entered default on December 10, 2015 (doc. 12). Plaintiff obtained a Clerk's entry of default on December 10, 2015, but has not moved for a default judgment.

Pursuant to Civil Local Rule 41(b) for the Southern District of Alabama,

Whenever a served Defendant has failed to answer or otherwise defend within six (6) months from the filing of the complaint and the Plaintiff has not sought default and default judgment, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law.

S.D. Ala. CivLR 41(b).

More than six months has passed since the complaint was filed and Plaintiff had not sought a default judgment. Therefore, Plaintiff was ordered to show cause on or before July 12, 2016, why this Court should not dismiss this action without prejudice for failure to prosecute.

The order to show cause served as notice to the Plaintiff as required by Civil Local Rule 41(b) that the Court intended to dismiss this action without prejudice for failure to prosecute in accordance with the Court's inherent authority to manage the cases on its docket and Rule 41(b)[1] of the Federal Rules of Civil Procedure.

Plaintiff did not file a response to the order to show cause. Accordingly, notice having been given, this action is **dismissed without prejudice** for failure to prosecute.   *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-32, 82 S.Ct. 1386, 1389 (1962) (Finding that inherent power is "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases", rejecting the contention that Rule 41(b) "prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant", and interpreting Rule 41(b) not to restrict the court's inherent power to "dismiss *sua sponte* for lack of prosecution"); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, (1991) (A district court has inherent authority to manage its own docket "so as to achieve the orderly and expeditious disposition of cases."); *Townsend v. Beck*, 295 Fed. Appx. 950, 951-952 (11th Cir. 2008) (A "district court may act on its own motion to dismiss a claim under Rule 41(b)") (citing *Link*, 370 U.S. at 630)).

**DONE** and **ORDERED** this the 13th day of July 2016.

**s / Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Fed. R. Civ. P. 41(b) ("Involuntary dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.")